UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT D. CARR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:10-CV-1729 (CEJ) |
| ANHEUSER-BUSCH COMPANIES, INC., | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is the defendant's motion for summary judgment on Count II of the complaint. Plaintiff has filed a response, and the issues have been fully briefed.

In Count I of the complaint, plaintiff asserts a claim against his former employer for unpaid severance benefits based on the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq. In Count II, plaintiff asserts a state-law claim to recover accrued vacation pay. In a separate order, the Court granted summary judgment in favor of the defendant on the ERISA claim in Count I.

Section 1367(a) of Title 28, United States Code, provides that district courts have supplemental jurisdiction over claims that are so related to claims over which they have original jurisdiction such that they form part of the same case or controversy. However, "[t]he district courts may decline to exercise supplemental jurisdiction over a state-law claim . . . if--(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367 (c). State-

law claims that require a separate analysis, "[i]n most cases, . . . are dismissed without prejudice to avoid needless decisions of state law."  Wierman v. Casey's General Stores, 638 F.3d 984 (8th Cir. 2011).

Unlike instances where a party's state-law claim can be determined under the same or similar analysis as the federal claim, see e.g., Torgerson v. City of Rochester, 643 F.3d 1031, 1043 (8th Cir. 2011), determining plaintiff's claim for vacation pay here would require that the Court undertake an analysis that is completely distinct from its review of plaintiff's ERISA claim.  Plaintiff's vacation pay claim involves facts, policies and documents that his ERISA claim does not.  In fact, the only information common to both claims is the date of plaintiff's termination.

It cannot be said that the claims in Counts I and II are so related as to form part of the same case or controversy.  Given that and the fact that the federal claim over which the Court had original jurisdiction has been dismissed, the Court will decline to exercise supplemental jurisdiction over Count II.  Plaintiff's state-law claim will be dismissed without prejudice for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion for summary judgment on  Count II of the complaint [Doc. #55] is **moot**.

An order of partial dismissal will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of December, 2011.